UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- :

CONDE, LLC, d/b/a CONDE CONSTRUCTION :

                Plaintiff, :

and :

ALEXIS E. PENA, :

              Defendant. :

-------------------------------------------------------- :

Index No.: CV: 15 9562

**COMPLAINT**

Plaintiff, CONDE, LLC, d/b/a CONDE CONSTRUCTION (hereinafter "Conde"), by its attorneys THE LAW OFFICES OF CABOT J. MARKS, for its Complaint against Defendant ALEXIS E. PENA (hereinafter "Pena"), alleges upon information and belief as follows:

<u>NATURE OF THE ACTION</u>

1.      In this Complaint, Plaintiff Conde, a construction and contracting company, seeks damages from Defendant Pena's campaign of willful trademark counterfeiting, infringement, dilution, and cybersquatting, in violation of Sections 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), Sections 349, 350, and 360-1 of the New York General Business Law, and New York State common law.

2.      The Defendant, a former member of Plaintiff Conde, who has had no affiliation with Conde for roughly twenty (20) months, has hijacked and cybersquatted the domain name http//www.condeny.com/ (hereinafter, the "Website"), the business website of Conde. A printout of the Website is annexed hereto as Exhibit "1"

3.      The Website prominently features the Registered Trademark "Conde Construction" (USPTO Serial No.: 85360627; I.C. 37), which is owned solely by Conde

(hereinafter the "Trademark"). A copy of the Trademark's filing receipt is annexed hereto as Exhibit "2".

4.     When a consumer searches in the Google, Bing or Yahoo! search engines for Conde Construction, the hijacked Website is the first search result found.

5.     Plaintiff Conde originally owned and operated the Website.

6.     In a deliberate attempt to confuse consumers, defraud the public, and injure the business and reputation of Conde, the Defendant continues to operate the Website, featuring the Trademark, without any authority to do so, and without the owner of the Website having any access to it.

7.     Defendant Pena has engaged in a systematic scheme to defraud consumers by maintaining the "Contact" page on the Website, wherein consumers are able to contact the manager of the Website. A printout of the Website's Contact page is annexed hereto as Exhibit "3".

8.     Plaintiff Conde would use the Contact page of the Website to receive business inquiries about potential contracts.

9.     Plaintiff Conde was robbed of its ability to use the Website's Contact page.

10.     Upon information and belief, Defendant Pena is still intercepting business inquiries for Plaintiff Conde through the Contact page.

11.     Plaintiff Conde is unable to access, review, or respond to any of the inquiries from the Contact page.

12.     Since Defendant Pena hijacked the Website, Plaintiff Conde has not received or been forwarded **any** new inquiries from the Website, whereas Conde previously relied upon the Website as a critical source of business.

13.   Further, upon information and belief, to prevent removal by domain name providers, internet registrars and registries, Defendant Pena has provided them with the materially false information that he is the legitimate owner of the Website.

14.   Finally, Conde has been forced to rebrand itself and establish a new website and incur thousands of dollars in costs in an effort to try to mitigate the continued damage that Defendant Pena has caused through his misappropriation of the Trademark and theft of the Website.

## JURISDICTION AND VENUE

15.   This Court has jurisdiction over the subject matter of this action pursuant to Sections 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), Sections 349, 350, and 360-1 of the New York General Business Law, and New York State common law.

16.   This Court has personal jurisdiction over Defendant Pena because the services and business that are the subject of this action were, and continue to be served primarily to consumers in New York.

## PARTIES AND JURISDICTION

17.   At all times hereinafter mentioned, Plaintiff Conde is a limited liability company duly organized and existing under and by virtue of the laws of the State of New York, with an address of 214 West 29th St, Suite 1400, New York, NY 10001.

18.   At all times hereinafter mentioned, upon information and belief, Defendant Pena is an individual residing in the State of New York, with an address of 2544 Valentine Avenue Bronx, New York 10458.

## CONDE'S HISTORY

19.     Plaintiff Conde is a contracting/construction management firm specializing in commercial and residential renovations.

20.     After over ten (10) years of use and promotion of the Conde Construction name, Plaintiff Conde became renowned for an extraordinarily high quality of services and project results.

21.     Conde has a well-known history of delivering outstanding services and exceeding its clients' expectations for over 15 years.

22.     Accordingly, to protect its valuable intellectual property, Plaintiff Conde registered the Trademark "Conde Construction" on June 30, 2011.

23.     This federal registration for the Trademark is in full force and effect.

24.     The Trademark has been used extensively by the Plaintiff on, and in connection with Plaintiff's services including, but not limited to residential and commercial building construction, in full accord with its USPTO International Class 37 specifications (see Exhibit "2").

25.     As a result of Conde's extensive use of its Trademark, the Trademark has become synonymous with the standard and quality of Plaintiff Conde's services, and has acquired secondary meaning as a source identifier for authentic Conde services.

26.     Furthermore, Plaintiff Conde purchased the domain name for the Website and has come to depend on the Website as a key source of business opportunities and referrals, as well as for communication with its clients, past and present.

## DEFENDANT PENA'S CONDUCT

27.     Defendant Pena was a member of Plaintiff Conde until his expulsion from Conde on April 9, 2014 pursuant to procedures prescribed by Conde's Operating Agreement.

28.     Defendant Pena, upon his expulsion from Conde, hijacked the Website from Plaintiff Conde in retaliation and blocked Plaintiff's access to the Website.

29.     Defendant Pena, also refused to cancel his company credit card and accrued over Eighty Thousand Dollars ($80,000.00) on Plaintiff Conde's account in a vindictive shopping spree; an action which the Supreme Court of the State of New York found him liable and indebted for. (*see AMERICAN EXPRESS BANK, FSB - v. - ALEXIS PENA et al.*; Index No.: 161575/2014).

30.     Plaintiff Conde made repeated demands for Defendant Pena to return access to the Website.

31.     Defendant Pena continues to wrongfully retain sole access to the Website which features Conde's Trademark prominently.

32.     Upon information and belief, Defendant Pena is fraudulently holding himself out as a member of Conde in order to keep control over the Website.

33.     Upon information and belief, Defendant Pena has not deactivated the "Contact" page of the Website, and any inquiries about Plaintiff Conde's services are directed solely to Defendant Pena.

34.     Plaintiff has not received any inquiries since Defendant Pena hijacked the Website.

35.     Defendant Pena has not on one occasion forwarded a business inquiry made through the Website after his expulsion from Conde.

36.     Upon information and belief, Defendant Pena has remained in the contracting and construction business.

37.     Upon information and belief, Defendant Pena has been syphoning business inquiries and opportunities meant for Conde and received through the Website to himself or third parties at the expense of Plaintiff Conde.

38.     Upon information and belief, Defendant Pena has and continues to misappropriate the Trademark featured on the Website for the purposes of syphoning off business from Plaintiff Conde.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST PENA
**Federal Trademark Counterfeiting in Violation of Sections 32(1)(a) and (b) of the Lanham Act (15 U.S.C. § 1114)**

39.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "38" as if fully set forth at length herein.

40.     Sections 32(1)(a) and (b) of the of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b) provide, in relevant part, that any person who shall, without the consent of the registrant:

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with such use is likely to cause confusion, or to cause mistake, or to deceive;

(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to... advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive...

shall be liable in a civil action by the registrant for the remedies hereinafter provided.

41.     Defendant Pena has willfully used the Trademark in a fraudulent, confusing, and deceptive manner and has continued to maintain the Website and use the Trademark in commerce without the consent of Plaintiff Conde.

42.     The Trademark is a key instrument of Conde for advertisement and business.

43.     Defendant Pena is not a member of Plaintiff Conde, and has no affiliation with Conde or its business.

44.     Even though Conde was the original owner of the Website, the current use of the Trademark on the Website by Defendant Pena is unauthorized, and Conde has made repeated demands for the Defendant to Cease and Desist from using the Trademark and Website.

45.     Such unauthorized use and imitation by Defendant Pena of a legitimately authorized use of the Trademark constitutes blatant counterfeiting of the Trademark.

46.     Defendant Pena has continued to operate the Website for roughly twenty (20) months without Plaintiff Conde's consent, all for his own personal financial gain and to damage Conde.

47.     Defendant Pena's unauthorized use of the Trademark on the Website in connection with the advertising and sale of services constitutes his use of Conde's registered Trademark in commerce.

48.     Defendant Pena's unauthorized use of the Trademark is likely to cause confusion, mistake, or deceive and cause the public to believe that any services resulting from an inquiry on the Website are at the behest of Conde.

49.     Accordingly, Defendant Pena has engaged in trademark counterfeiting and misappropriation in violation of Sections 32(1)(a) and (b) of the of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b).

50.     As a result of Defendant Pena's egregious conduct, Conde has suffered injury, damage, loss, or harm set forth herein.

51.     Therefore, Defendant Pena is liable to Plaintiff Conde for an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, the maximum statutory damages for willful trademark counterfeiting, plus pre-judgment interest thereon, plus compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT PENA
### Federal Trademark Infringement in violation of Section 32 of the Lanham Act
### (15 U.S.C. § 1114)

52.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "51" as if fully set forth at length herein.

53.     Sections 32(1)(a) of the of the Lanham Act, 15 U.S.C. § 1114(1)(a) prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with such use is likely to cause confusion, or to cause mistake, or to deceive...

54.     The Trademark is federally registered and owned by Conde.

55.     The Trademark is distinctive and is associated in the public mind with Conde.

56.     Additionally, based on Conde's extensive advertising and the popularity of its services, the Trademark has acquired secondary meaning as a source identifier for authentic services by Plaintiff Conde, and the Trademark is associated exclusively with Conde.

57.     Defendant Pena has unlawfully used the Trademark on the Website in connection with the advertising and offering of construction services or referrals for his own financial gain.

58.     Defendant Pena's unauthorized use of the Trademark is likely to cause confusion, mistake, or deceive and cause the public to believe that any services resulting from an inquiry on the Website are at the behest of Plaintiff Conde.

59.     Defendant Pena's unauthorized use of the Trademark has resulted in his unfair and illegal benefit from Plaintiff.

60.     Defendant Pena's unauthorized use of the Trademark has caused considerable injury and damages to Plaintiff Conde.

61.     Accordingly, Defendant Pena has engaged in trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

62.     Therefore, Defendant Pena is liable to Conde for an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, plus pre-judgment interest thereon, plus compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT PENA
**Cybersquatting Under the Anticybersquatting Consumer Protection Act**
**(15 U.S.C. § 1125(d)(1))**

63.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "62" as if fully set forth at length herein.

64.     15 U.S.C. § 1125(d)(1)(a) provides that:

A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person:

(i)     Has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and

    (ii)      Registers, traffics in, or uses a domain name that:

          (I)      in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark...

65.     Defendant Pena's use of the domain name of the Website is confusingly similar to the Trademark.

66.     Despite the fact that Plaintiff Conde is the original owner of the Website, Defendant Pena has hijacked and used the domain name with bad faith intent to profit from Plaintiff Conde.

67.     Defendant Pena's activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

68.     Defendant Pena has no bona fide noncommercial or fair use of the Website.

69.     Defendant Pena intended to and has diverted customers away from Plaintiff through the Website that he has used and trafficked in.

70.     Defendant Pena's actions have created a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the infringing domain name belonging to the Website.

71.     Defendant Pena's actions have caused and will continue to cause injury and damages to Plaintiff Conde.

72.     Therefore, Defendant Pena is liable to Conde for an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, plus pre-judgment interest thereon, plus compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT PENA**
**Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act**

**15 U.S.C. § 1125(c)**

73.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "72" as if fully set forth at length herein.

74.     Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), provides in relevant part, that:

> Subject to the principles of equity, the owner of a famous mark that is distinctive, apparently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owners mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or actual economic injury.

75.     Plaintiff Conde is the exclusive owner of the Trademark.

76.     The Trademark is famous and distinctive within the meaning of 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

77.     The Trademark has been in use for many years and plays a prominent role in Plaintiff Conde's marketing advertising the popularity of its services.

78.     The Trademark has been in use and has been famous long before Defendant Pena's began using the Trademark and Website without consent or authorization Plaintiff Conde.

79.     Despite the fact that the Trademark and Website were established by, and originally the property of Plaintiff Conde, Plaintiff did not authorize or otherwise license Defendant Pena's use of the Trademark and website over the past twenty (20) months.

80.     Defendant Pena's actions constitute nothing short of theft of the Website and of the Trademark, and have severely impacted the business of Plaintiff Conde.

81.     Consumers are likely to contact Defendant Pena through the Website in the erroneous belief that the Defendant is associated with, sponsored by, or affiliated with Plaintiff

Conde, or that Plaintiff is the source of any services or referrals resulting from communications through the Website.

82.     The Defendant's use of the Trademark is likely to dilute the distinctive quality of the Trademark and to lessen the capacity of such mark to identify and distinguish Plaintiff Conde's services.

83.     Any inferior work or referrals resulting in inferior work provided by Defendant Pena's misuse of the Trademark and of the Website is likely to tarnish the trademark and cause blurring in the mind of consumers between the Plaintiff's and Defendant's services thereby lessening the value of the trademark as a unique identifier of Conde's services.

84.     Therefore, Defendant Pena is liable to Conde for an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, plus pre-judgment interest thereon, plus compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT PENA
### Trademark Dilution in Violation of the New York General Business Law
### (N.Y. Gen. Bus. Law § 360-1)

85.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "84" as if fully set forth at length herein.

86.     New York General Business Law, Section 360-1 provides that:

Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a more registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

87.     Plaintiff Conde is the exclusive owner of the Trademark.

88.     Through prominent, long, and continuous use in commerce even prior to federal registration, including commerce with in New York, the Trademark has been, and continues to be famous and distinctive.

89.     Long after the trademark became famous, Defendant Pena, without authorization from Plaintiff Conde, stole the Website and has continued to use the Trademark without any authorization or legal right to do so.

90.     Defendant Pena's unauthorized use of the Trademark dilutes or is likely to dilute the Trademark's distinctive quality and lessen the capacity of the Trademark to identify and distinguish Plaintiff Conde's services.

91.     Defendant Pena's unauthorized use of the Trademark in connection with potentially inferior services is also likely to tarnish the Trademark and cause blurring in the minds of consumers between the Plaintiff and Defendant, thereby lessening the value of the Trademark as a unique identifier of Plaintiff Conde's services.

92.     By the acts described above, Defendant Pena has diluted, and is likely to continue to dilute the distinctiveness of the trademark call the likelihood of harm to Plaintiff Conde's business reputation in violation of New York General Business Law, Section 360-1.

93.     Therefore, Defendant Pena is liable to Conde for an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, plus pre-judgment interest thereon, plus compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT PENA
### Deceptive Acts and Practices in Violation of the New York General Business Law

**(N.Y. Gen. Bus. Law §§ 349 and 350)**

94.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "93" as if fully set forth at length herein.

95.     New York General Business Law, Section 349 states in relevant part that: "Deceptive acts or practices conduct of any business, trade or commerce in the furnishing of any service in this state are hereby declared unlawful."

96.     New York General Business Law, Section 350 states in relevant part that: "false advertising in the conduct of any business, trade or commerce in the furnishing of any service in this state is hereby declared unlawful."

97.     Through advertising, potential offers to sell and potential sales of unauthorized services or referrals bearing the name and Trademark of Plaintiff Conde, Defendant Pena has engaged in consumer oriented conduct that has affected the public interest of New York and has resulted in injury and damage to consumers in New York.

98.     Defendant Pena's deceptive acts and practices as described herein, are materially misleading.

99.     Such acts or practices have deceived or have a tendency to deceive a materials segment of the public to whom the Defendant has directed its marketing activities, and Plaintiff Conde has been injured thereby.

100.    By the acts described above, Defendant Pena has willfully engaged in deceptive acts or practices the conduct of business furnishing of services violation of Sections 349 and 350 of the New York General Business Law.

101.    Therefore, Defendant Pena is liable to Conde for an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, plus pre-judgment

interest thereon, plus compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT PENA
### Trademark Infringement in Violation of New York State Common Law

102.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "101" as if fully set forth at length herein.

103.   Plaintiff Conde is the exclusive owner of the Trademark.

104.   Defendant Pena's unauthorized use of the Trademark is unauthorized, and is likely to cause consumer confusion.

105.   By the acts described above, Defendant Pena has engaged in trademark infringement in violation of the common laws of the State of New York.

106.   Therefore, Defendant Pena is liable to Plaintiff Conde for an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, plus pre-judgment interest thereon, plus compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT PENA
### Unfair Competition in Violation of New York State Common Law

107.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "106" as if fully set forth at length herein

108.   Defendant Pena has presented the Website and its use of the Plaintiff Conde's Trademark without authorization, thereby improperly trading on the Plaintiff's valuable rights in and to the Trademark.

109.    Defendant Pena committed the above alleged acts willfully, and in conscious disregard of Plaintiff Conde's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter, and make an example of Defendant Pena.

110.    By the acts described above, Defendant Pena has engaged in unfair competition in violation of the common law of the State of New York.

111.    Therefore, Defendant Pena is liable to Plaintiff Conde for an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, plus pre-judgment interest thereon, plus compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

i.    On the First Cause of Action for Federal Trademark Counterfeiting in an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, with pre-judgment interest thereon, plus punitive, compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems appropriate.

ii.    On the Second Cause of Action for Federal Trademark Infringement in an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, with pre-judgment interest thereon, plus punitive, compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems appropriate.

iii.    On the Third Cause of Action for Cybersquatting in an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, with pre-judgment interest thereon, plus punitive, compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems appropriate.

iv.    On the Fourth Cause of Action for Federal Trademark Dilution, in an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, with pre-judgment interest thereon, plus punitive, compensatory, consequential

and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems appropriate.

     v.     On the Fifth Cause of Action for Trademark Dilution in Violation of New York State General Business Law, in an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, with pre-judgment interest thereon, plus punitive, compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems appropriate.

     vi.     On the Sixth Cause of Action for Deceptive Acts and Practices in Violation of New York State General Business Law in an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, with pre-judgment interest thereon, plus punitive, compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems appropriate.

     vii.     On the Seventh Cause of Action for Trademark Infringement in Violation of New York State Common Law in an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, with pre-judgment interest thereon, plus punitive, compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems appropriate.

     viii.     On the Eighth Cause of Action for Unfair Competition in Violation of New York State Common Law in an amount to be determined at trial, but in no event less than Two Million Dollars ($2,000,000.00) Dollars, with pre-judgment interest thereon, plus punitive, compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems appropriate.

<strong><u>A TRIAL BY JURY IS DEMANDED</u></strong>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

Respectfully submitted,

DATED:     December 7, 2015
              New York, New York



LAW OFFICES OF CABOT J. MARKS

Adam N. Love, Esq.
Attorney for Plaintiff
485 Madison Avenue, Suite 1300
New York, New York 10022
Tel: (212) 370-4477
Fax: (212) 588-0471

To:
Mr. Alexis E. Pena
2544 Valentine Avenue
Bronx, New York 10458